**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Michael J. Vidaurri, | Case No. 2:21-cv-01963-CDS-DJA |
| Plaintiff, | |
| v. | **Order** |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff Michael J. Vidaurri's motion for reversal or remand (ECF No. 13) and the Commissioner's countermotion to affirm (ECF No. 14) and response (ECF No. 15). Plaintiff filed a reply. (ECF No. 19). Because the Court finds that the ALJ erred, but that the error was harmless and because the Court finds that Plaintiff is not entitled to remand on his constitutional arguments, it denies Plaintiff's motion to remand (ECF No. 13) and grants the Commissioner's cross motion to affirm (ECF No. 14). The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.    Background.**

   ***A.    Procedural history.***

Plaintiff filed an application for Disability Insurance Benefits on May 25, 2018, alleging an onset of disability commencing January 1, 2016. (ECF No. 13 at 3-4). The Commissioner denied his claim and Plaintiff requested a hearing by an Administrative Law Judge. (*Id.*). The ALJ issued an unfavorable decision on February 3, 2021. (*Id.*). Plaintiff requested review by the Appeals Council, which request the Appeals Council denied on August 27, 2021, making the ALJ's decision the final agency decision. (*Id.*).

**B.     The ALJ decision.**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520. (AR 15-28). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 1, 2017. (AR 17). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease and status-post motor vehicle accident. (AR 18). At step three, the ALJ found that the Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 18). In making this finding, the ALJ considered Listings 1.04 and 1.00B2b of the Listing of Impairments. (AR 18).

At step four, the ALJ found that Plaintiff has a residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(a) "except that he can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl." (AR 18).

At step five, the ALJ found that Plaintiff is unable to perform past relevant work. (AR 27). However, the ALJ found that Plaintiff's skills from past relevant work are transferrable to other occupations with jobs existing in significant numbers in the national economy. (AR 27). The ALJ found Plaintiff capable of performing occupations such as computer security specialist and computer processing scheduler. (AR 28). Accordingly, the ALJ found that Plaintiff had not been disabled from November 1, 2017. (AR 28).

    1.     <u>The ALJ's analysis of Dr. George Nickels, M.D.'s findings.</u>

In evaluating state agency physical consultant Dr. George Nickels, M.D.'s opinion, the ALJ noted that Dr. Nickels had found that,

> the claimant could perform work at the light exertional level and he was limited to frequent pushing and pulling in both upper extremities (Exhibit 1A, page 7). Dr. Nickels also found that the claimant could occasionally climb ramps and stairs, but never climb ladders, ropes, and scaffolds, as well as occasionally balance, stoop, kneel, crouch, and crawl. (Exhibit 1A, page 7). Dr. Nickels further found that the claimant was limited to frequent left and overhead reach, and he must avoid concentrated exposure to extreme cold,

> extreme heat, vibration, fumes, odors, dusts, gases, poor ventilation, as well as hazards such as machinery and height.

(AR 26).

The ALJ did not find Dr. Nickels' findings entirely persuasive. (AR 26). He noted that "the claimant should be further limited to a sedentary exertional level based on the combined effects of all of his impairments." (AR 26).

## II.   Standard.

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhard*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action…brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying, or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole,

weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

**III.   Disability evaluation process.**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of him claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id*. § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's RFC, which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSR 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

Step four requires the ALJ to determine whether the individual has the RFC to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

Step five requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42

**IV.   Analysis and findings.**

    ***A.   The ALJ erred in not explaining why he rejected Dr. Nickels' limitations, but that error was harmless.***

        1.   <u>The parties' arguments.</u>

Plaintiff argues that the ALJ erred by not explaining how he considered the supportability and consistency factors for Dr. Nickels' opinions. (ECF No. 13 at 4). He asserts that the ALJ neither adopted nor rejected Dr. Nickels' opinions but failed to explain his reasons for doing so. (*Id.* at 4-5). The ALJ stated that he was adopting "slightly more restrictive limitations than the State agency physical consultants based on the combined effects of all the claimant's impairments." (*Id.*). But Plaintiff asserts that the ALJ's statement is factually incorrect because the RFC was less restrictive than that which Dr. Nickels proposed. (*Id.*). Dr. Nickels asserted that Plaintiff could perform light work and opined that Plaintiff could only frequently—as opposed to constantly—"push or pull and perform manipulative activities; had limited ability to

reach overhead bilaterally; and could not work around concentrated exposure to extreme heat, extreme cold, vibration, pulmonary irritants, or hazards." (*Id.*). Plaintiff asserts that the ALJ erred by not adopting or rejecting these additional limitations and finding that Plaintiff could perform a job that would require occasional reaching and fingering. (*Id.*). Plaintiff adds that most sedentary jobs require use of the arms and fingers and thus, the ALJ should have consulted a vocational expert on the issue of whether Dr. Nickels' limitations could have prevented Plaintiff from working. (*Id.* at 5-6). Because Dr. Nickels noted Plaintiff's limitations with these movements, but the ALJ did not address those limitations, Plaintiff asserts that remand is necessary. (*Id.* at 6-7).

The Commissioner argues that Dr. Nickels only concluded that Plaintiff was limited to "frequent" reaching overhead. (ECF No. 14 at 7-9). But Dr. Nickels expressly concluded that Plaintiff had no limitation as to handling, fingering, and feeling. (*Id.*). The Commissioner argues that Plaintiff misinterpreted Dr. Nickels' "frequent" reaching limitation as applying to *all* of Plaintiff's manipulative activities. (*Id.*). The Commissioner also points out that the ALJ was not required to adopt Dr. Nickels' findings, but to conclude whether they were supported by or consistent with the record and determine, based on those factors, whether his opinions were persuasive. (*Id.*). The Commissioner adds that even if Dr. Nickels had assessed a frequent fingering limitation, there would be no harmful error because both the computer security specialist and computer processing scheduler jobs involve frequent fingering, not unlimited. (*Id.* at 10). Thus, Plaintiff could "perform these jobs consistent with any purported limitation by Dr. Nickels of frequent fingering…" (*Id.*). Regarding Plaintiff's argument that the ALJ should have consulted a vocational expert, the Commissioner argues that any error was harmless because the jobs that the ALJ found that Plaintiff could perform did not involve any of the limitations which Dr. Nickels assessed. (*Id.* at 12).

Plaintiff replies that the ALJ erred because he found Dr. Nickels' opinion partially persuasive, asserted that he is adopting greater limitations than Dr. Nickels, and then did the exact opposite by failing to adopt or reject Dr. Nickels' limitations. (ECF No. 19 at 1-2). Plaintiff adds that, to the extent Dr. Nickels' opinion needs to be interpreted to determine to what extent he

applied his opined limitations, then remand is the only appropriate option because the Court cannot interpret a report. (*Id.*). Plaintiff also points out that even if Dr. Nickels' limitations would not have prevented Plaintiff from doing the jobs the ALJ noted, that determination was for the ALJ to address, not the Court. (*Id.*). Because the ALJ did not articulate the basis for his decision, Plaintiff asserts that remand is appropriate. (*Id.*).

2. <u>Analysis.</u>

New regulations apply to claims filed on or after March 27, 2017 which change the framework for how an ALJ must evaluate medical opinion evidence. *See* SOCIAL SECURITY ADMINISTRATION, 82 FR 5844-01, REVISIONS TO RULES REGARDING THE EVALUATION OF MEDICAL EVIDENCE (2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" REVISIONS TO RULES, 82 FR 5844-01 at 5867-68; *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). An ALJ is not required to adopt a specific limitation but is required to provide an explanation for rejecting a portion of an opinion. *See Gamett v. Saul*, No. 2:18-cv-01000-MMD-WGC, 2020 WL 908137, at *10 (D. Nev. Feb. 10, 2020). However, if a job identified by the VE and ALJ satisfies a limitation not expressly adopted or rejected without explanation, the error is harmless. *See id.*

The Court finds that the ALJ erred in not explaining why he did not adopt Dr. Nickels' limitations, but that the error was harmless. As a preliminary matter, Plaintiff does not explain

where he found that Dr. Nickels opined that he could only "frequently" finger.  To the contrary, Dr. Nickels opined that Plaintiff's "[f]ingering (fine manipulation)" is "[u]nlimited."  (AR 71). Nor does he explain why jobs that would require only "occasional reaching and frequent fingering" would violate Dr. Nickels' proposed limitations of "frequent pushing and pulling in both upper extremities" and "frequent left and overhead reach."  (AR 26).

On the other hand, the ALJ did err in not explaining why he rejected Dr. Nickels' proposed limitations.  The ALJ asserted that he did not find Dr. Nickels' opinion entirely persuasive and found that Plaintiff should be limited to a sedentary exertional level, rather than a light exertional level as Dr. Nickels had opined.  (AR 26).  But Dr. Nickels opined that Plaintiff should have certain limitations that the ALJ did not adopt.  Dr. Nickels found that Plaintiff must be limited to "frequent"—as opposed to unlimited—pushing and pulling in both upper extremities and left and overhead reach.  (AR 26).  Dr. Nickels also opined that Plaintiff must "avoid concentrated exposure to extreme cold, extreme heat, vibration, fumes, odors, dusts, gases, poor ventilation, as well was hazards such as machinery and heights…"  (AR 26).  The ALJ did not explicitly reject these limitations, but they are not included in the ALJ's RFC.  (AR 18).  Because the ALJ did not provide an explanation for rejecting these limitations, the ALJ erred.

However, the error is harmless.  As the Commissioner points out, both jobs identified by the VE and the ALJ satisfy the limitations that Dr. Nickels suggested.  (ECF No. 14 at 11-12). The job of computer security specialist requires an individual to only frequently push or pull or "otherwise move objects."  *Computer security specialist*, DICTIONARY OF OCCUPATIONAL TITLES (4th ed. 1991), 1991 WL 646561.  It requires an individual to reach only occasionally.  *Id.*  And exposure to extreme heat, extreme cold, vibration, atmospheric conditions, heights, and moving mechanic parts are not present.  *Id.*  Similarly, the job of computer processing scheduler requires an individual to only frequently push or pull or "otherwise move objects."  *Computer processing scheduler*, DICTIONARY OF OCCUPATIONAL TITLES (4th ed. 1991), 1991 WL 672007.  It requires an individual to reach only occasionally.  *Id.*  And exposure to extreme heat, extreme cold, vibration, atmospheric conditions, heights, and moving mechanical parts are not present.  *Id.* Plaintiff is not entitled to remand on this basis.

### B. *Plaintiff is not entitled to remand on his constitutional arguments.*[1]

Having determined that remand is not warranted based on the merits-based argument presented, the Court turns to Plaintiff's constitutional challenge. Plaintiff argues that he is entitled to relief on appeal based on two constitutional issues. First, Plaintiff submits that the tenure of the Commissioner of Social Security heading the agency at the time of his denial of benefits was unconstitutional because he could not be removed by the President without cause. (ECF No. 13 at 7-9). Second, Plaintiff submits that the ALJ and Appeals Council Judges were not properly appointed, as Acting Commissioner Berryhill appointed them after the end of her lawful term under the Federal Vacancies Reform Act ("FVRA"). (*Id.* at 9-11). The Court finds that Plaintiff is not entitled to relief on either of these arguments.[2]

The Ninth Circuit has squarely addressed the precise removal provision constitutional argument at issue in Plaintiff's briefing. *See Kaufmann v. Kijakazi*, 32 F.4th 843 (9th Cir. 2022). In *Kaufmann*, the Court recognized that the tenure provision set forth in 42 U.S.C § 902(a)(3) violates separation of powers principles and is severable from the remainder of the statute establishing the Commissioner's role. 2022 WL 1233238, at *——, 2022 U.S. App. LEXIS

---

[1] The Court notes at the outset a procedural defect in that Plaintiff did not plead a constitutional violation in his complaint filed with the court. (ECF No. 1). Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the claimant is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Montoya v. Colvin*, No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *1-3 (D. Nev. Mar. 8, 2016) (applying Rule 8 in the Social Security context). Moreover, that an unpled claim is later presented through argument in substantive briefing is insufficient to preserve the claim. *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008). Hence, it appears Plaintiff waived his constitutional argument by not pleading it. *See, e.g.*, *John R. v. Comm'r of Soc. Sec.*, No. c20-6176-MLP, 2021 WL 5356719, at *5 (W.D. Wash. Nov. 16, 2021). As the Commissioner did not raise the waiver issue, however, the Court will address the constitutional argument on its merits.

[2] The arguments Plaintiff makes in this case are nearly identical to those made in *Avalon v. Kijakazi*, No. 2:21-cv-02051-NJK, 2022 WL 1746976 (D. Nev. May 27, 2022). The Court thus agrees with and adopts the Honorable Magistrate Judge Nancy J. Koppe's analysis in that case. While Plaintiff makes additional arguments—one concerning a quote from the White House considering Commissioner Saul and the other calling into question whether Acting Commissioner Berryhill really stopped serving as Acting Commissioner between the time the 210 days expired, and Commissioner Saul was nominated—the Court need not address arguments raised for the first time in reply. *See Zamani v. Carnes*, 491 F.3d 990. 997 (9th Cir. 2007).

11365, at *12. The Court found that a claimant seeking relief from a decision entered while the Commissioner served under the unconstitutional removal provision must "demonstrate that the unconstitutional provision actually caused [him] harm." 2022 WL 1233238, at *5, 2022 U.S. App. LEXIS 11365, at *13 (citing *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1137 (9th Cir. 2021)). Speculative arguments that some theoretical different outcome might have occurred is insufficient to establish actual harm. 2022 WL 1233238, 2022 U.S. App. LEXIS 11365 at *15.

Here, Plaintiff has failed to establish actual harm as a result of the unconstitutional removal provision, relying only on arguments as to the unconstitutionality of the provision and not addressing harm in any way. Accordingly, no relief is warranted. *See Kaufmann*, 2022 WL 1233238, at *——, 2022 U.S. App. LEXIS 11365, at *15. Plaintiff is also not entitled to relief under the FVRA argument he raises. Plaintiff addresses the legal grounds for relief under the FVRA by citing to a single out-of-district case without discussing how or why it applies to the proceedings at issue. The Court therefore declines to address Plaintiff's FVRA argument, as the Court only addresses meaningfully developed arguments. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 584 n.6 (D. Nev. 2013).

Even if the Court were to consider Plaintiff's argument, however, the Court is not convinced that Plaintiff's argument is meritorious. The overwhelming weight of authority addressing this issue recognizes that the FVRA contains a spring-back provision that made Acting Commissioner Berryhill's appointment valid at the time she appointed the ALJs and Appeals Council Judges. *See, e.g.*, *Thomas S. v. Comm'r of Soc. Sec.*, 2022 WL 268844, at *——, 2022 U.S. Dist. LEXIS 16091, at *8 n.2 (W.D. Wash. Jan. 28, 2022); *Chuenanan v. Comm'r Soc. Sec.*, 2022 WL 1416421, at *——, 2020 U.S. Dist. LEXIS 80583, at *6 n.1 (W.D.N.C. May 4, 2022) (citing *Hutchens v. Kijakazi*, 2021 WL 5834409 (M.D.N.C. Dec. 9, 2021)); *Heins v. Saul*, 2020 WL 6052583, at *——, 2020 U.S. Dist. LEXIS 136405, at *63 n.18 (N.D. Iowa June 11, 2020); *Guidance on Application of Federal Vacancies Reform Act of 1998*, 23 Op. O.L.C. 60, 68 (1999). Accordingly, the Court finds that Plaintiff is not entitled to relief on either of his constitutional arguments.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for remand (ECF No. 13) is **denied**.

**IT IS FURTHER ORDERED** that the Commissioner's countermotion to affirm (ECF No. 14) is **granted**. The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: October 19, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE